UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN PARKER,<br><br>   Petitioner,<br><br>v.<br><br>ISAAC FULWOOD, et al.,<br><br>   Respondents. | CIVIL ACTION<br><br>No. 10-5524 |

August 11, 2011                                         Pollak, J.

## MEMORANDUM & ORDER

Presently before the court is Kevin Parker's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which he asks for "release from unlawful detention . . . [and] supervised release." Habeas Pet. ¶ 8. He argues that the U.S. Parole Commission: (1) "exceeded its jurisdiction" by imposing upon Parker a sentence which was longer than his original sentence; (2) violated its own regulations and governing statutes; (3) violated 28 U.S.C. § 3583; and (4) violated his right to due process. Habeas Pet. ¶ 7(a)–(d). For the following reasons, the court will deny the petition.

### I. BACKGROUND

On June 15, 2006, the District of Columbia Superior Court sentenced Parker to 6 months of incarceration, followed by 24 months of supervised release, for the crime of

escape. Superior Court Judgment (Habeas Pet. Attach. 1, at 9). After he was released from prison, Parker's term of supervised release was to expire on January 3, 2009. Gov't Resp. 2. Parker's term of supervised release was interrupted on May 1, 2008, when the U.S. Parole Commission ("the Commission") issued a warrant charging him with failure to submit to drug tests, illicit drug use, commission of habitual petit larceny, and possession of burglary tools while under supervision, all violations of the terms of his supervised release. Warrant (Docket No. 6, ex. 3, at 1–2). Parker was taken into custody on July 12, 2010. *Id.* at 4.

The Commission drafted an Expedited Revocation Proposal ("ERP") which proposed, among other things, that Parker agree to (1) revocation of his current term of supervised release, (2) "serve a new term of imprisonment of 6 months," and (3) "serve a new term of supervised release of 30 months." ERP (Docket No. 6, ex. 4, at 5). On September 14, 2010, Parker signed the ERP. *Id.* Above the signature lines where Parker and a witness signed, were three options from which he was able to choose:

> [1] I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.
> [2] I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.
> [3] I wish to request a 14-day extension to consider this proposal.

*Id.* Parker checked the box next to the first option, indicating that he would take responsibility for his actions, agree to the Commission's proposal, and waive his right to

administratively appeal the decision.  *Id.*  The agreement that Parker signed contained an assurance that if he requested a revocation hearing, the Commission's ultimate decision would "not take into account the fact that [he] chose to have a revocation hearing rather than accept the proposed decision." *Id.* at 4.

## II.    DISCUSSION

The court reviews decisions made by the Commission to determine "whether there is a rational basis in the record for the [Commission's] conclusions." *Gambino v. Morris*, 134 F.3d 156, 160 (3d Cir. 1998) (alteration in original) (quoting *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976)).  Further, the court "must ensure that the Commission 'has followed criteria appropriate, rational and consistent' with its enabling statutes and that its 'decision is not arbitrary and capricious.'" *Id.* (quoting *Zannino*, 531 F.2d at 690).

By statute, the Commission maintains authority over District of Columbia offenders who are on supervised release.  Pub. L. No. 105-33, § 11233(c)(2), 111 Stat. 251, 745 (codified as amended at D.C. Code § 24-133(c)(2)).  The Commission is able to promulgate its own regulations pursuant to 18 U.S.C. § 4203(a)(1).[1]  The Commission's regulations allow it to revoke a releasee's supervised release when "the Commission finds by a preponderance of the evidence that the releasee has violated one or more conditions of supervised release." 28 C.F.R. § 2.218(a).

---

[1] Although this statute has been repealed, it continues in force until November 1, 2011, the effective date of the repeal.

3

Upon revocation of supervised release, the Commission is authorized to determine whether the releasee should be returned to prison and, if so, the length of the new prison term and any new term of supervised release. *Id.* § 2.218(b). The length of the new prison term "is determined by reference to the maximum authorized term of imprisonment for the [original] offense of conviction." *Id.* § 2.219(a). The length of the new term of supervised release "shall be the original maximum term of supervised release that the sentencing court was authorized to impose for the [original] offense of conviction, less the [new] term of imprisonment imposed by the Commission upon revocation of supervised release." *Id.* § 2.219(b)(2).

Parker argues in Ground One of his petition that the Commission "has exceeded its jurisdiction and imposed a term of imprisonment and a further term of supervised release that exceeds [his] original sentence." Habeas Pet. ¶ 7(a). In support, he states that "the Code of Federal Regulations . . . does not allow the [Commission] to impose a term of imprisonment, or a further term of supervised release that exceeds the original sentence." *Id.* In Ground Two, Parker argues that the Commission violated its own regulations and the statute at 28 C.F.R. §§ 2.218(b), 2.219(a)(3), (c) and (d). Habeas Pet. ¶ 7(b). He does not proffer any facts in support of his claim, or state how he believes the Commission violated these regulations. *See id.*

In this case, the maximum punishment for escape, Parker's original offense, is five years. D.C. Code § 22-2601(b); *see* Superior Court Judgment (Habeas Pet. Attach. 1, at

4

9). Under 28 C.F.R. § 2.219(a)(3), the Commission was authorized to impose a term of imprisonment of up to two years in prison upon Parker because the maximum penalty for escape is five years. Parker received a substantially lower sentence of six months' incarceration. ERP (Docket No. 6, ex. 4, at 4–5).[2] As for his supervised release, the original trial court was able to impose a term of supervised release of up to three years upon Parker. 28 C.F.R. § 2.219(b)(2)(ii). From this 36-month maximum, the Commission was required to subtract the 6-month term of imprisonment it imposed to arrive at the maximum term of supervised release. *Id.* § 2.219(b)(2). Thus, the Commission had the authority to impose 30 months of supervised release upon Parker. There does not appear to be any error in the Commission's actions, and so the court finds that there was a rational basis underlying the Commission's decision.

Next, Parker challenges the Commission's actions by alleging that it "violated its agency regulation[s] at . . . [28 C.F.R. § 2.219] (c), and (d)." Habeas Pet. ¶ 7(b). Section 2.219(c) contains a reference table which states that the original maximum term of supervised release for the crime of escape is three years, and the maximum term of imprisonment at the first revocation is two years; this reference table only supports the

---

[2] The Commission noted in the ERP that Parker's salient factor score was 1, meaning that he had a high likelihood of re-offending, and his violation behavior was Category One, meaning that his violations were relatively minor. ERP (Docket No. 6, ex. 4, at 4); *see* Peter B. Hoffman & James L. Beck, *The United States Parole Commission's Expedited Revocation Procedure* 4, 19 (2004), http://www.justice.gov/uspc/commission_reports/expedited_apai1.pdf.

Commission's actions. Section 2.219(d) is equally unhelpful for Parker because it applies to successive revocations, which is not relevant to Parker's situation.

In Ground Three, Parker alleges that the Commission violated 18 U.S.C. § 3583, in some unspecified manner. Habeas Pet. ¶ 7(c); *see also* D.C. Code § 24-133(c)(2) (enabling the Commission to exercise authority over D.C. offenders on supervised release pursuant to 18 U.S.C. § 3583). In the space designated for facts supporting the claim, Parker writes: "The [Commission] regulations have the force of law. The agency is governed by its statute and agency regulations." Habeas Pet. ¶ 7(c). The court construes Parker's claim in Ground Three to be an effort to restate his claims in Grounds One and Two, and so this claim is denied for the same reasons.

In Ground Four, Parker alleges that the Commission committed a due process violation. Habeas Pet. ¶ 7(d). Specifically, it "has and intends to deprive the petitioner of his liberty without due process thereof." *Id.* Based on this threadbare allegation, the court construes Parker to be alleging that the expedited revocation procedure denied him due process because he was not given a hearing before his supervised release was revoked. This argument is unpersuasive because Parker voluntarily waived his right to a hearing. The government has asserted, and the defendant has not contested, that Parker waived his rights to a hearing and an appeal knowingly and with the advice of counsel. Gov't Resp. 8. Third Circuit precedent states that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of

the nature and consequences of the waiver." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). In *Mabry*, a criminal defendant waived his right to an appeal as a part of a plea bargain that he reached with the United States. *Id.* at 233. The Third Circuit held that when a defendant voluntarily and knowingly waives his rights, the waiver will be enforced. *Id.* at 237. Parker makes no allegation that his waiver was involuntary or without knowledge, and the court cannot find anything in the record to support such a scenario. As explained above, Parker signed his name and checked a box on the ERP which indicated that he would accept the Commission's proposed decision, and "waiv[e] [his] right to a revocation hearing, and waiv[e] [his] right to appeal the decision." ERP (Docket No. 6, ex. 4, at 5). For those reasons, Parker's allegation in Ground Four fails.

### III. CONCLUSION

For the preceding reasons, this court will deny Parker's petition for a writ of habeas corpus.

* * * *

### ORDER

**AND NOW,** this  11  day of August, 2011, it is hereby **ORDERED** that the petitioner's petition for a writ of habeas corpus will be **DENIED**.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.